[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover damages for personal injuries resulting from a fall by an eight year old student at West Middle School, Hartford, on November 6, 1995. Defendants are the city of Hartford, its Board of Education and the principal and head custodian of the school. The complaint alleges that the plaintiff was caused to slip on water on the floor in the hallway near a drinking fountain in the West Middle School Annex building when she was on the way to the bathroom at approximately 2:00 p. m. She charges the several defendants with various specifications of negligence centering on the existence of and failure to remove water on the floor, the failure to provide safe passage and the negligent supervision of employees. Defendants have denied these claims and filed special defenses of comparative negligence and governmental immunity.
At trial, the young plaintiff testified that she observed the water condition at the class bathroom break at about 9:00 o'clock in the morning of November 6, 1995, notified her homeroom teacher Mrs. Richards, and fell on the water on her way to the bathroom after class recess about 2:00 p. m. She further testified that she told Mrs. Richardson that her knee hurt but that Mrs. Richardson did not send her to the school nurse because neither the vice principal or anyone else was available to escort her to the nurse in the main school building. She does not claim to have fallen more than once.
Mrs. Richardson testified that on November 6, 1995 at the morning bathroom break between 8:30 and 9:00 a.m. she saw the plaintiff fall in a location not close to the drinking fountain; that she followed her into the bathroom, asked her if she was CT Page 7102 injured and was answered in the negative; that she saw no sign of an injury and did not even consider sending her to a nurse. She further testified that there was no conversation about water on the floor, that she did not observe any water on the floor at any time that day and could not remember observing such a condition at any other time in her eighteen years at the school. Her memory was honed as to this testimony as a result of an inquiry by plaintiff's mother a few days after the accident.
The only other evidence relating to the accident appears in the January 12, 1996 report of Dr. Stanley Turner, the plaintiff's treating physician who refers in his history only to a "slip and fall injury at West Middle Grade School" on November 6, 1995 resulting in a "fluctuant puffiness of the right knee joint." He expresses the opinion that "immediate first-aide . . . more than likely would have prevented local swelling."
It is unnecessary to consider the claims of comparative negligence or governmental immunity because plaintiff has failed to sustain her burden of proving by a preponderance of the evidence that any injury she suffered in a fall on November 6, 1995 was caused by any defective condition in the school or by the negligence of any of the defendants.
Judgment for defendants.
Jerry Wagner, Trial Judge Referee